# 'A.' P. DANIELSON v. MATT KYLLONEN.[1]

## May 13, 1910.

## Nos. 16,503—(74).

**Trespass — removal of fence in highway — burden of proof.**

Action in trespass for removing a fence located upon appellant's land, and respondent justified his conduct by pleading that the fence was within the public highway and that he removed it by virtue of his authority as a public officer. *Held:*

It appearing from the evidence that the fence was located upon appellant's land, the burden was upon respondent to prove that it was within the public highway.

The trial court erred in dismissing the action at the close of appellant's case.

Action in the district court for Becker county to recover damages for wrongful entry upon certain lands and for the removal of the fence thereon; also for an injunction to restrain further trespasses. Defendant answered that the locus in quo was a public highway; that the fence in question was an obstruction to such highway; that defendant was assistant road inspector, and as such and under the direction of the board of supervisors of the town he entered upon said public highway, removed the fence, doing no unnecessary damage to same, as he had a right to do. At the trial before Baxter, J., and a jury, after plaintiff rested, defendant's motion to dismiss the action was granted. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

*Peter F. Schroeder* and *W. B. Carman,* for appellant.
*C. M. Johnston,* for respondent.

LEWIS, J.

Appellant was the owner of forty acres of land adjoining the section line on the north. A legal highway, running east and west,

[1] Reported in 126 N. W. 404.

had been laid out and traveled for many years, supposedly upon the section line. Appellant had constructed a fence on his own land along the south side of the road, as traveled. Respondent was an assistant road inspector, and claimed that the fence was within the limits of the highway, and directed appellant to remove it. Upon his refusal to do so, respondent, acting on behalf of the public, took the fence down, and this action was brought to recover damages for the trespass. At the close of appellant's case, the court dismissed the action, upon the ground that no evidence had been introduced to sustain the allegations of the complaint; and the only question presented here is the sufficiency of the evidence to make out a prima facie case for appellant.

Although appellant failed to prove the exact location of his fence with respect to the section line, and to the road as traveled, the evidence fairly shows that the fence was located upon appellant's land, and a prima facie case was made out. It was admitted by respondent, in his answer, that he took down and removed the fence; and he justified his conduct upon the ground that the fence was within the limits of a public highway and that he was acting as a public official. In our opinion, the burden was upon respondent to prove what he alleged, and, having failed to do so, it was error for the trial court to dismiss the action at the close of appellant's case.

Reversed and new trial granted.